## A. C. McKEEN v. H. KURFUST et al.

The servitude given to the public upon the banks of navigable rivers or streams by article 446 of the Civil Code, is not necessarily confined to the definition of "banks," as given in article 448 of the Code.

A cotton shed on the bank of a river, which prevented the public from depositing their goods upon the bank in the usual stage of high water, when the principal business of this kind was done, was held, therefore, to be an obstruction to the use of the bank by the public.

APPEAL from the District Court of Ouachita, *R. W. Richardson*, J. *McGuire & Ray*, for plaintiff. *Garrett*, and *J. D. & J. McEnery*, for defendants and appellants.

SPOFFORD, J. The district judge found that the cotton sheds complained of in the plaintiff's petition were upon the bank of the river; for his judgment only decrees that the obstructions be removed therefrom, and the public permitted to have the free use of the bank of the river.

In this, which is mainly a question of fact, the evidence of the witnesses sustains his decision.

The defendants' answer seems to imply that they claim the right to obstruct a part of the bank; for they say that they "have left a large portion of the bank on their said land, free to be used as a landing, or for any other purpose of public utility."

McKEEN
*v.*
KURFUST.

They seem to confound the right of property with the right to exclude the public from the use of it. It may be conceded that they never dedicated to the public the land between Front street and the water line. But, like all riparian proprietors upon navigable streams, they hold their land in subordination to the general law. The shores of navigable rivers must be left free. C. C. 660, 661. The appellants contend for too literal an interpretation when they say that the public have no servitude upon the shore above the ordinary high water line, which constitutes, strictly speaking, "the bank." C. C. 448.

Article 446 guaranties "the use of the bank of navigable rivers or streams to the public; accordingly every one has a right freely to bring his vessels to land there, to make fast the same to the trees which are there planted, to unload his vessels, to deposit his goods, to dry his nets, and the like. Nevertheless the property of the river banks belongs to those who possess the adjacent lands."

Here it is evident that by reason of the obstructions complained, of the public cannot "deposit their goods" upon the bank in the usual stage of high water, when the principal business of that kind is done. The shore is obstructed by the cotton sheds.

We do not think this is a proper case for damages.

It is therefore ordered that the judgment of the District Court be affirmed with costs.