## H. Dusuau De la Croix *v.* Myra Clark Gaines.

13 177
45 1444

13 177
124 1089

The District Court may entertain jurisdiction of a suit to set aside a decree of the Supreme Court probating a will, when the existence of the will is denied and sufficient charges of fraud are made by one who was not a party to, nor concluded by the decree sought to be annulled.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Duncan & McConnell*, for plaintiff and appellant. *P. E. Bonford, Smiley & Perin* and *Moïse & Randolph*, for defendant.

Spofford, J. The present action was brought to set aside a decree of this court rendered on appeal in the case entitled the *Succesion of Clark*, reported in 11 An., 124.

The defendant excepted, 1st: That the plaintiff has not in his petition set forth any cause of action.

DE LA CROIX
*v.*
GAINES.

2d: That the District Court in which this suit was brought was without jurisdiction to try it.

In case these exceptions should be overruled the defendant further pleaded to the merits.

These two exceptions only are before us now ; the District Judge, conceiving that the second exception was well taken, dismissed the suit, and the plaintiff has appealed.

The decision of the lower court was based exclusively upon the authority of the case of *Melançon's Heirs* v. *Broussard*, 2 L., 8.

Whatever effect may be given to that precedent in analogous cases it fails to be an authority for this case, which is widely different.

The judgment of the Supreme Court in *Broussard* v. *Duhamel*, 3 N. S. 11 was rendered in a contested case, and was conclusive and final between the parties who were before the court, as it contained no reservation of any rights as to the title in controversy. In *Melançon's Heirs* v. *Duhamel* it was held that a suit by the party cast against the other party to annul such decree of the Supreme court, could not be entertained by a District Court.

But, by referring to the case of *Clark's Succession*, in 11 An., it will be seen that we carefully guarded against any inference being drawn that the decree should not be open to attack. We even asserted that it would be open to attack by a direct action in the name of a party interested. And if, as alleged, (and we must, at this stage of the case, take the allegation for the truth,) the defendant is seeking to avail herself in the courts of the United States of a rule there recognized, that an *ex parte* decree probating a will, although open to question collaterally in all the courts of the State where it was rendered, is not to be so questioned in a United States Court, but is to be held conclusive upon all the world, there is a manifest propriety in giving the relief which was reserved by the very terms of our former opinion and decree to third persons whose interest might be sought to be affected by it.

But it has been suggested in our deliberations that the petitioner in this case who is the legal representative of *François Dusuau De la Croix*, does not stand in the same category with other persons who, as we unanimously think, might be permitted to bring an action to annul the decree in question : it is said that he was a party bound by the decree, and that this proceeding may be assimilated to an application for a new trial.

Upon this point a majority of the court think that *François Dusuau De la Croix* was not technically a party to the decree heretofore rendered by this court.

It is true, he filed what is called an intervention in the District Court before which *Mrs. Gaines* made her application to prove the alleged lost will of 1813. But even in that he took an attitude hostile to the application, and avowed his disbelief of the assertion that such a will was left by *Daniel Clark*. But it is said that his prayer to be appointed executor in the contingency that such will should be established, and the fact that in our decree he was so appointed, estop him from questioning the validity of the will or the conclusive effect of the decree.

But no effect seems to have been given to his intervention, or rather opposition to the probate of the alleged will, by the District Court. That court treated the application of *Mrs. Gaines* as entirely *ex parte* and refused to hear oppositions. The application of *Mrs. Gaines* was rejected by that court, on

the ground of a defect of proof that the witnesses whose evidence was offered to establish the will had frequently seen the testator write and sign his name· The dismissal of the application was just what *De la Croix* desired, for he opposed the petition of *Mrs. Gaines.* If, then, he was strictly a party to the proceedings in the Second District Court, which we doubt, then the judgment of that court was in his favor and against *Mrs. Gaines.* That judgment could not be changed so as to bind him without making him a party to the appeal. *Mrs. Gaines* alone appealed. She took no notice whatever of *De la Croix,* procured no citation against him, and gave no appeal bond in his favor. The only appellee, so far as the record shows, was *G. LeGardeur,* attorney of absent heirs, who was the only obligee in the appeal bond, although even he does not appear to have been cited. *De la Croix* made no appearance in this court pending the appeal, either in person or by counsel. *Richard Relf* was inadvertently made a party, and so careful were we not to prejudice the rights of any one by what was intended to be purely an *ex parte* proceeding, that we granted a re-hearing to declare that the decree should not be held conclusive even upon *Relf.*

We changed entirely the judgment of the District Court, and rendered a new judgment. But *De la Croix,* being no party to the appeal, was not bound by our judgment.

It is true the decree appointed him executor ; but it is not pretended that he has ever accepted the appointment or acted under it. As he was not before us, this action of the court cannot prejudice him. And we are of the opinion that his conditional prayer for such an appointment before another tribunal had not the prospective effect to estop him from questioning the pretended will or our *ex parte* decree in relation thereto.

It only remains to inquire whether the petition, taking its averments as proven, discloses any cause of action. It is voluminous and not free from ob_ scurity. But we find it contains in substance a denial that *Daniel Clark* left subsisting at his death a will, dated in 1813, and charges of fraud sufficiently grave and pointed to authorize a legal investigation as to the truth of the matters complained of.

It is, therefore, ordered, that the judgment of the District Court be avoided and reversed, that the exceptions hereinbefore considered be overruled, and that the cause be remanded for further proceedings according to law ; the costs of this appeal to be paid by the defendant and appellee.

MERRICK, C. J., dissenting. This suit is brought to annul the judgment rendered by this court in the matter of the probate of the will of *Daniel Clark,* of the year 1813. See 11 An., 124.

A petition was filed in the Second District Court of New Orleans for this purpose, in the name of *François Dusuau De la Croix,* a few hours after his death.

The present suit was commenced an the 21st day of April, 1857, by a petition filed by the present plaintiff, as the testamentary executor of said *François Dusuau De la Croix,* wherein he adopts and reiterates the allegations of the petition filed in the name of the testator.

That petition sets up at great length the will of *Daniel Clark* of 1811, the admission of the same to probate, the sole heirship of *Mrs. Mary Clark,* both under that will and as heir at law, and her acceptance of the succession, the acquiescence of petitioner in the same, the order of sale of property by the

court of probates, the purchase of property (slaves) at the probate sale, and the purchase of others at private sale from *Mary Clark*, and that petitioner was, therefore, deeply interested in maintaining the probate proceedings in the matter of said last will and testament, (of 1811.)

The petitioner further averred that said proceedings had never been called in question except by an abortive proceeding instituted by *Myra Clark Whitney*, aided by her then husband *William Wallace Whitney*, in the District Court of the United States for the Eastern District of Louisiana, then having chancery powers and jurisdiction, that the case was transferred to the Circuit Court, that *Whitney* died and the said *Myra* subsequently married *E. P. Gaines*, who became a party to the bill in chancery, "that the complainant therein took divers and sundry proceedings therein, until finally the present defendant hereto, with her then husband, *E. P. Gaines*, by way of an amended or supplemental bill of complaint, did expressly and specifically set forth and declare that they did thereby, and would forever and thereafter abandon all claim of whatever nature or kind she or they had to the property of the estate of said *Daniel Clark*, growing out of the said alleged will made, as averred by her, in 1813, in her favor by said *Daniel Clark*, and that she would thenceforth maintain her rights to the property and estate left by *Daniel Clark* at his decease on the sole *ground that she was his legitimate child and heir at law, and that as such she could not be deprived of her legitime ; and that she would thenceforth always maintain the fact that said Clark did make a last will and testament, dated in 1813, in her behalf, but that she would only do so as evidence of and acknowledgment by said Daniel Clark of the legitimacy of her the said Myra ;* that petitioner being one of the defendants to said original bill and amended and supplemental bill, as will also be seen by a printed copy of said amended and supplemental bill referred to, herewith filed as part hereof—accepted her abandonment aforesaid, filed his answer to her claim to be the lawful representative and legitimate heir of *Daniel Clark*, a printed copy of which petitioner also filed herewith as part hereof ; that issue was fairly and duly joined and tried in said cause ; that a final decree was entered, after hearing in the Circuit Court of the United States aforesaid, in favor of your petitioner, rejecting the claim of said *Myra* to be the representative or heir at law of said *Daniel Clark ;* that from said decree the defendant herein prosecuted her appeal to the Supreme Court of the United States, and after due proceedings therein had, and after full and fair consideration of the whole case the said Supreme Court of the United States, at the December term, 1851, thereof affirmed the aforesaid decree of the Circuit Court aforesaid, and petitioner files herewith a printed copy of the opinion of the Supreme Court of the United States in said case."

The petitioner further alleged (and we give the residue of the petition in full) as follows, viz :

"And now your petitioner avers that notwithstanding the facts aforesaid, notwithstanding the fact that the estate of *Daniel Clark* had been duly opened as aforesaid, notwithstanding the succession as opened aforesaid of him the said *Daniel Clark* had been duly accepted by the heir at law, *Mary Clark*, and the instituted heir the same *Mary*, the mother of *Daniel ;* and thus then was no longer any such thing as an estate or succession of *Daniel Clark*, the whole of which was merged in the said *Mary Clark*, against whom alone thereafter there could be any claim prosecuted either as against said succession

or for the restoration of the succession if it had been wrongfully or unlawfully taken possession of by her, the said *Mary Clark*, by any one, and especially by defendant hereto, who claimed a paramount right thereto—she the said defendant hereto intending a palpable and gross fraud in the premises, and notwithstanding the facts aforesaid—and intending to abuse the decree and authority of this court, which in the progress of legislative and constitutional proceedings has become the successor of the Court of Probates aforesaid, hath now sole and exclusive jurisdiction of all probate matters arising in the parish of Orleans aforesaid, did on the      day of January, 1855, file in this court a written application praying for the probate of the same alleged will of *Daniel Clark*, averred by her to have been made in 1813—being the very same alleged will which she had specially and fully set forth in her original bill of complaint aforesaid, and also subsequently in special terms abandoned as aforesaid; that your petitioner hearing of said proceedings of said defendant hereto, *and knowing the same to be, as he now charges they were grossly fraudulent, did file an intervention in said case which is numbered* 8646 *on the docket in this court ;* and other parties also filed opposition therein, but the Judge of this court then entertaining the opinion that in all cases the probate of a will in the absence of the heir was necessarily *ex parte* and could not be opposed, inasmuch as by the laws of Louisiana said probate could bind no person, and every question as to the existence and legality of said probate would necessarily be left as reserved to all persons in interest, refused to hear any of the oppositions filed in said case, and disregarded the application of your petitioner, then filed, that the said applicant should be obliged to make *Mary Clark* or her heirs parties to said proceedings ; that the said defendant hereto being thus left to proceed with her *ex parte* proceedings, presented to the Judge certain written depositions of several witnesses, which had been chiefly used by her in her aforesaid proceeding in the Federal Courts, and where much of it had been shown to be false and gross perjury ; that acting upon said testimony and other testimony, among others that of your petitioner, given at several times, all of which was true, the then Judge of this court rejected the said application of defendant— who thereupon prosecuted an *ex parte* appeal to the Supreme Court of this State, who viewing the proceedings in the matter of the probate of wills as necessarily *ex parte*, and as binding in no way whatever upon any person whatever against whom the same might be set up as a muniment of title, and expressly reserving all such rights to all parties — the said Supreme Court of Louisiana having no other testimony before it than such as defendant herein had presented originally in this court as aforesaid, did declare on said *ex parte* showing aforesaid that defendant herein had shown that *Daniel Clark* had made such a will in 1813 as said defendant herein in her application had set forth and acknowledged—and directed it to be probated and recorded—all of which will more fully and at large appear by reference to the whole of the said proceedings in said case No. 8646, and the decree of the said Supreme Court therein on appeal, and the subsequent proceedings in this court thereon and therein.

"And now your petitioner avers that the whole of the aforesaid proceedings in said case No. 8646 were fraudulent and void, because : ·

"*First*. The succession of *Daniel Clark* had already been accepted and there could be no such thing as two successions of one deceased person.

"*Second*. That after the probate of a will of a deceased person, such as

was the fact of the case of the succession of *Daniel Clark*, no subsequent will, real or alleged, can be received and its probate ordered while the other probate stands; and, all proceeding for the probate of any other will, real or alleged, must be conducted contradictorily with the representatives of the estate under the will previously admitted to probate; and all proceedings, decrees, or judgments, taken in said estate once represented, without proper parties, are null and void; and, that said proceedings, in said case 8646, were not only fraudulent, but void absolutely, because taken *ex parte*. That said proceedings were originally intended for a fraudulent purpose and intent, in this, that it was known by defendant that she could never establish the said alleged will set forth by her in said proceedings in case 8646, in any fair and honest contestation against any person having any interest to contest the same; that, therefore, in pursuance of advice, and a scheme concocted by and for her in the city of New York in the year 1852, she took her aforesaid proceedings, intending that after obtaining the probate of said alleged will by her fraudulent and *ex parte* proceedings, to carefully avoid presenting the same in any manner or form where the validity, truthfulness, and honesty, might be put in issue, either by way of exception or answer; but, intending to avail herself of the peculiar and limited jurisdiction of the Federal Judiciary in the matter of the probate of wills, being advised that if she could obtain an *ex parte* order of the probate of said alleged will of *Daniel Clark*, that by means of said limited jurisdiction of the Federal Courts, she might avail herself of said *ex parte* decree, and, by avowing herself a citizen of another State of the Union, could go into the Federal Court, institute her proceedings there under said *ex parte* proceedings and decree, set the same up as conclusive upon said tribunal while they stood, that such a decree would be carried into execution by the federal tribunals without allowing any plea or answer thereto contesting the validity or verity of said probate proceedings whatsoever; *that, in pursuance of said original fraudulent purpose, to abuse the authority of this court, the State tribunal, into an instrument of oppression, and a medium for the consummation of wrong and fraud, the said defendant hath taken the aforesaid decree herein, given in suit No. 8646, and hath commenced a proceeding in chancery in the Circuit Court of the United States, holding sessions in the Eastern District of Louisiana, and claims immunity therein against all right to attack the same by defendant therein, your petitioner herein, a printed copy of which he herewith also files as part hereof.*

"Petitioner also avers that the proceedings in said suit, No. 8646 on the docket of this court, and the decree therein given, were entirely null and void *ab initio*, because that it was shown that the said alleged will, if ever made, which is expressly denied, was dated, as stated by the applicant therein, in the month of July, 1813, that consequently more than thirty years had elapsed from its date before it was offered for probate, and also more than thirty years after the death of *Daniel Clark*; that even if *Daniel Clark* had, by will, constituted his estate into a testamentary succession, and instituted a universal heir to represent it, said testamentary succession could not be established or recognized by the probate of a will after the lapse of more than thirty years after the death of the testator; that the acceptance of any such extinct succession was utterly null and void, and only intended to cast a shadow over the titles of those deriving title under other and adverse claimants to said succession.

DE LA CROIX<br>v.<br>GAINES.

"In consideration of the premises, your petitioner prays that defendant, *Myra C. Gaines*, may be cited to appear and answer this petition; and, after due proceedings had, it may be herein decreed that the aforesaid proceedings of said defendant in the case No. 8646, on the docket of this court, are fraudulent and void, both in fact and in law; that the decree establishing the pretended will of *Daniel Clark*, and ordering its probate, may be declared null and void, and accordingly called in; that she be perpetually enjoined from ever taking out a copy of said proceedings from this court.

"He prays for general relief.

"(Signed,)        DUNCAN & McCONNELL,<br>Attorneys for Petitioner."

To this petition the defendant excepts:

"1st. That plaintiff has not in his petition set forth or shown any cause of action whatever."

"2d. That this court (the Second District Court) is without jurisdiction to try or determine the matters and things set forth in said petition."

"3d. The defendant pleaded the prescription of one year."

In the proceeding for the probate of the will of 1813, sought to be annulled by the present proceeding, the said *François Dusuau de la Croix* intervened, stating his disbelief that any such will was executed, as that claimed by petitioner, but prayed, however, that if the same should be established, that he might be appointed executor under it. In pursuance of such prayer, the decree was finally rendered by this court, recognizing him as executor and confirming him as such. See 11 An. 131.

We will consider the first ground of exception filed by defendant, although perhaps the second stands before it in the natural order of proceeding.

Has the plaintiff set forth such a cause of action as would justify the District Court in setting aside the decree, provided it had been originally rendered in that court?

The grounds of complaint may be reduced to three heads:

1st. That there cannot be two successions of the same deceased person.

2d. The fraudulent institution of the original suit, with the intention subsequently carried out of supporting the same and obtaining a decree upon false testimony; and,

3d. The absolute nullity of the proceedings *ab initio*, because of the lapse of thirty years, and the non-acceptance of the *Succession of Clark* by the defendant.

I. On the first head, I observe that *François Dusuau de la Croix* was a party to the proceedings in which the will of 1813 was admitted to probate. He filed in that case a paper which he called an intervention, but which was really an opposition and required no order of the court for its filing. On this opposition, which thus became an answer to *Mrs. Gaines'* application for the probate of the will, the opponent says he has taken notice of the filing of her petition, and he recites some of the allegations of the same, and particularly the averment that he was unwilling to accept the executorship under the will of 1813, and expresses his decided disbelief in the supposed will of 1813, and gives his reason therefor, and concludes his petition as follows, viz:

"But so it is, if this honorable court pleases, it is certainly untrue, that he ever evinced any sort of indisposition to qualify as the executor of any lawful will which may be established in a legal manner, as having been made by said

*Daniel Clark,* and, therefore, inasmuch as said petitioner by her petition doth show that he hath an interest in the matter of the probate and execution of said will; and inasmuch as there remains of record in this honorable court, a will duly probated and its execution ordered, whereby the whole estate of *Daniel Clark,* after the payment of his just debts, was given to his mother, *Mary Clark,* of Germantown, Pennsylvania, who has since departed this life, and whose heirs are believed to be absent and unrepresented; and inasmuch as he, the said intervenor, is reluctant to see their interest in any manner disturbed without lawful notice, he prays that this honorable court may appoint an attorney or curator *ad hoc* to represent the said absent heirs of said *Mary Clark,* that if there be a probate of said supposed will granted, that it may be seriously made as a contest and issue with said heirs of *Mary Clark,* and after all due and legal proceedings had herein, if it should be decreed that there shall be probate of said supposed will, then he prays that he may be recognized as executor thereof, duly sworn as such, and letters testamentary ordered to be delivered to him according to law.

(Signed)                    Dusuau De la Croix."

The attorney for absent heirs was appointed accordingly.

The appeal was taken to this court generally, and was allowed at the same time at which the judgment was rendered. But the appeal bond was made in favor of the attorney for absent heirs. There was no motion to dismiss the appeal, and when the final judgment was rendered, *De la Croix* was so far considered a party not only to the suit, but to the appeal, that a decree was rendered in his favor recognizing him as executor of such will. He must, therefore, be considered a party to the suit, and also to the appeal. For if he be not a party to the appeal, then the judgment of the District Court dismissing the application for the probate of the will is final, and this suit is useless, and the party is seeking to annul that which, as to him, by a final judgment of a competent court, has no existence; which is absurd.

The plaintiff considered himself a party to the appeal, as he proves by bringing this action of nullity. Indeed, I understood the counsel to admit as much in substance in their oral argument. To verify these facts, I have deemed it right to look into the former record, a doubt having arisen in the minds of some of the members of the court.

Now, if there be anything inconsistent in the two wills, so that they cannot stand together, the executor or heir of *De la Croix,* at least, cannot be permitted to allege such inconsistency, for by his own showing he was as much aware of the inconsistency at the time he filed his intervention praying to be appointed executor as afterwards.

II. The alleged fraud consists (as charged in the petition) in presenting with defendant's *ex parte* proceedings to the Judge, "certain written depositions of several witnesses which had been chiefly used by her in her aforesaid proceeding in the Federal Courts, and where much of it had been shown to be false and gross perjury."

The petition alleges that the judgment of the court was based "upon said testimony and other testimony, among others the testimony of petitioner given at several times, all of which was true."

Now, if a party against whom a judgment has been rendered, should file an affidavit with his motion for a new trial, making the same allegation, it is clear that it would be insufficient to entitle him to such new trial. It is not clearly

shown that the defendant was aware that the testimony was false, nor what portion of it was false, nor what witnesses were perjured, nor that the false testimony was material, and that there was not sufficient testimony which was true to sustain the decree.

New trials are rarely if ever awarded, in order to show that the testimony of witnesses is false, and, we think, where an action is brought by a party in whose favor a decree has been rendered, to set aside the decree which subsequently proves to be detrimental, his allegations should at least show a case which would have entitled the party to a new trial. That case has not been shown by the plaintiff. *Meakin* v. *Anderson*, 11 Bail. Sup. Ct. 215; *Deer* v. *The State*, 14 Miss. 348; *Thompson's case*, 8 Grat. 637; *Beard* v. *Simmons*, 9 Geo. 4; *Ewing* v. *The State*, 13 Geo. 513.

III. The plea of prescription of thirty years, cannot be set up in this form against the decree. The exception of prescription presupposes the pendency of a suit, and is in general a matter of defence.

I, therefore, conclude, that plaintiff's petition does not disclose a sufficient cause of action. It is unnecessary to consider the question whether an action of nullity can be brought in the District Court, to set aside a decree of this court.

I think, therefore, the judgment of the District Court ought to be affirmed.

COLE, J., concurred in this opinion.