## No. 3677.—John S. Woodward v. Gross & Payan.

.An overseer of a sugar plantation who has contracted with the planter to oversee the place for so much on each hogshead of sugar made on the place during the year as his wages or salary, and who has been turned off before his term of service expired, must wait until the year is out, or until it can be ascertained with legal certainty the number of hogsheads of sugar that was made during the year. In case judgment has been given before the year is out for the portion of the time which the overseer served, on a calculation made as to the quantity of hogsheads assumed to be made in the year, and an appeal is taken therefrom, then and in such case the cause will be remanded to the court a qua, with instructions to ascertain the number of hogsheads made, and give judgment for so much per hogshead on the quantity actually made.

APPEAL from the Fifteenth Judicial District Court, parish of Assumption. *Beattie*, J. *Carver & Sims*, for plaintiff and appellee. *Nicholls & Folse*, for defendants and appellants.

WYLY, J. The plaintiff claims of the defendants two hundred dollars on a contract for taking off the sugar crop of 1870, two hundred and five dollars on account, and two thousand dollars on a contract for his services as overseer on the plantation of the defendants, in the parish of Assumption for the year 1871, alleging that as he was unjustifiably discharged by the defendants on the thirteenth May, 1871, his whole year's salary became thereby due and exigible.

The defense is the general issue, a plea of payment of the claim for taking off the crop of 1870, and an averment that the defendants were · justified in discharging the plaintiff in May, 1871; also a reconventional

demand is set up in the answer for two hundred and fifty dollars damages for loss of molasses shipped to New Orleans, and the further sum of three hundred and seventy-nine dollars for moneys expended by them for plaintiff's use and benefit.

The court came to the conclusion that the defendants were justified in discharging the plaintiff, but that he was entitled to $450 for his salary under the contract, from the first of January, 1871, to the date of his discharge, and also found the other claims set up by him to be correct; and finding also the defendant's reconventional demands to be correct, the court deducting the same from the aggregate amount of the plaintiff's claims thus ascertained, finally gave judgment for the plaintiff for the balance of two hundred and twenty-six dollars. From this judgment defendants appeal.

The main controversy is as to the correctness of the claim for salary for the year 1871, the court fixing the value thereof at four hundred and fifty dollars from first January to the thirteenth May, the date at which the plaintiff was discharged.

In the contract under which the plaintiff was employed and upon which this claim is based, we find the following clause: "As a compensation of his services Mr. J. S. Woodward is to have an interest of eight dollars per every hogshead made on the said plantation."

This suit was filed on the tenth July 1871, and judgment rendered on the third day of November following. At this time it was impossible to fix, with legal certainty, the number of hogsheads raised on the plantation that year; and without this, the salary could not be estimated, either for a part, or the whole year, because the compensation was to be eight dollars per hogshead. The plaintiff claimed that with proper cultivation the cane on the place ought to yield two hundred and fifty hogsheads, which, at eight dollars per hogshead, would make his salary amount to two thousand dollars; the court, however, fixed the probable amount of the crop at one hundred and fifty hogsheads, and upon that calculated that the plaintiff ought to recover four hundred and fifty dollars for his services up to the time he was discharged. We think the yield of the crop could not be legally established until it was actually raised and taken off. And, therefore, there was no certain basis upon which the court could act in determining the sum due the plaintiff on account thereof.

As the fact can now be shown, we believe that justice requires this case to be remanded for new trial.

It is therefore ordered that the judgment herein be annulled, and that this cause be remanded for new trial, appellee paying costs of appeal.