The opinion of the court was delivered by
Fenner, J.
Art. 196 of the State Constitution provides:
“ The Governor, Lieutenant Governor, Secretary of State, Auditor, Treasurer, Attorney General, Superintendent of Public Education, and the judges of all the courts of record in this State, shall be liable to impeachment for high crimes and misdemeanor, for non- feasance or malfeasance in offices, for incompetency, for corruption, favoritism, extortion or oppression in office, or for gross misconduct, or habitual drunkenness.”
Art. 201 provides that “For any of the causes enumerated in Art. 196, district attorneys, clerks of court, sheriffs, etc., shall be removed by judgment of the District Court of the domicil of such officer; and it shall be the duty of the district attorney to institute suit in the manner directed by Art. 200, on the written request and information of twenty-five resident citizens and tax-payers * * * In all such eases the defendant, the State, and the citizens and taxpayers, * * * or any one of them, shall have the right to appeal, both on the law and the facts, from the judgment of the court.”
In full conformity with these provisions a suit was filed in the District Court of defendant’s domicil, presided over by the respondent judge, to remove him from office as sheriff and ex-officio tax collector of the parish of Calcasieu.
The petition set forth that the relator had been thrice elected to said office for successive terms, having been elected for his present term in April, 1892.
The petition alleges that “ during his incumbency for former terms, and during his present term of office, the said Reid has been guilty, both as sheriff and as tax collector, of repeated acts of non-feasance and malfeasance, and incompetency and corruption, and favoritism and extortion and oppression in office, and of gross misconduct.” The petition then proceeds to set forth various specific acts done by him as sheriff. It then further alleges that “ as tax collector said Reid has been guilty of many and repeated acts of non-feasance» •malfeasance, corruption, favoritism, incompetency, extortion and *945 ■gross misconduct, said acts extending through the former years of his said incumbency down to and including his present term of •office; ” and it sets forth various specific acts in support thereof.
Most of the specific acts set out are laid as dating under his prior terms of office; but at least two are not so laid, but may well have occurred during his present term, viz., the charge of not keeping correct cash books as required by law, and the charge of gross misconduct and oppression based on his arrest of members of a committee of the police jury appointed to investigate his accounts, which is simply averred to have occurred in 1892.
The petition concludes with the following allegation: “ Your petitioner therefore avers that considering the many acts of extortion, favoritism and corruption as detailed in the foregoing, and his wanton disregard of the laws enacted for his guidance and for the protection of the citizens, the said D. J. Reid should be removed from his said office;” and it concludes with a prayer for that relief.
The defendant appeared and filed a plea or exception to the following effect, viz., “ that the petition charges him with acts of commission and omission, alleging them to have been done or omitted prior to the commencement of his present term of office * * * and this defendant shows that this court has no right, authority or power under the law to inquire in this suit into said acts laid as of dates anterior to his said present term of office or by reason thereof adjudge him to be removed from his said present office; and further, that the petition aforesaid shows no cause of action; wherefore defendant prays that as to all such alleged acts of commission and ■omission charged in said petition as of dates prior to the commencement of defendant’s present term of office, this suit be dismissed at plaintiff’s cost.”
Subseqently, and after the' exception had been submitted, the plaintiffs filed an amended petition, setting forth sundry additional charges, based on acts done during the defendant’s current term of office.
The exception or plea in bar was thereafter decided by the judge, who overruled the same.
The defendant thereupon filed the present application for writs of certiorari and prohibition, alleging, substantially, that the grant of power to the judiciary to remove elective officers is limited to the ■cases- provided in the articles of the Oonstitution; that said cases only *946 refer to and embrace acts committed by an officer during the term of office from which he is to be removed; that outside of these cases courts have no power or jurisdiction, ratione materise, to entertain suits for removal; that, therefore, in overruling his exception and in assuming jurisdiction over the suit in question the district judge transcends his authority and is guilty of usurpation, and that his proceedings therein would be coram non judice and void, and would inflict on relator an irreparable injury.
The respondent judge files answer maintaining his jurisdiction and denying relator’s title to the relief sought.
After much reflection we have come to the conclusion that the case presented by relator does not successfully impugn the jurisdiction of respondent’s court over the cause in which his action is arraigned.
The Constitution undoubtedly confers upon that court the power to entertain an action for the removal of relator from office for any of the causes enumerated in Art. 196. No other court has authority to entertain such an action. The quotations which we have made from the petition show, beyond question, that the action brought against relator was an action to remove him for the very causes enumerated in Art. 196. It* is specifically and repeatedly alleged that he has been guilty of “ acts of non-feasance, malfeasance, incompetency, corruption, favoritism, extortion and oppression in office, and gross misconduct,” and these are the very causes enumerated in Art. 196. To say that the court had not jurisdiction over such an action is simply to disregard the express authority conferred by the Constitution.
These allegations alone, taken in connection with the prayer of the petition, establish and fix the jurisdiction of the court. If the petition contained no other allegations and had set forth no specific facts whatever, its deficiency in that respect would give rise to no question of jurisdiction, but simply to an exception of vagueness and insufficiency. So if the specific acts charged are not such as, if proved, would sustain the action, this also would not raise a question of jurisdiction, but would only authorize an exception of no cause of action, and that is really the substantial character of relator’s exception in the court below. The nature and the sufficiency of a cause of action are not to be confounded. The nature of the action determines the question of jurisdiction, and when it sustains the jurisdiction, all questions of its sufficiency, under the allegations of the *947 proofs, pass under the proper cognizance of the court, with power to determine them according to the law and the facts.
This action is in its nature an action to remove relator for causes enumerated in Art. 196 of the Constitution. As to whether the special facts alleged establish the' existence of any one of those causes, that is a question going, not to the jurisdiction of the court, but to the merits of the cause, and the court has the same power to decide those merits, whether* presented by exception on the facts alleged or after trial on the facts proved. In neither ease can the decision be arraigned under our supervisory power, when within the court’s jurisdiction.
The Constitution, in enumerating the causes for removal in Art. 196, uses very general language and abstains from defining the particular acts which constitute them.
In applying the remedy provided much discretion is necessarily left to the judiciary in determining the Mud and degree of acts which are embraced within the spirit and meaning of the Constitution, and sedulous precautions are taken to prevent the abuse of this discretion by granting the right of appeal and providing for the summary disposition thereof.
The judge may have been right or may have been wrong in overruling relator’s exception. On that question we do not hint an opinion. Even if he had maintained it, the quotations we have made from the petition and from the exception itself, show that it would have eliminated only part of the cause of action, and would not have involved an entire dismissal of the action. If he was wrong, his error consisted not in maintaining his jurisdiction, which was incontestable, but in maintaining a partially insufficient cause of action. In that case relator will find his only appropriate relief in an appeal to this court, which the law secures to him.
Prohibition is not a writ of right, and even in cases of doubtful jurisdiction we do not readily grant it when there is adequate remedy by appeal. State ex rel. Follett vs. Judge, 32 A,n. 1182; State ex rel. Weber vs.. Judge, Id. 1092.
It is therefore ordered that the provisional writs herein issued be dissolved, and that relator’s application be denied.