(36 South. 864.)

No. 15,271.

STATE ex rel. PELLETIER v. SOMMERVILLE, Judge, et al.

(June 6, 1904.)

NULLITY OF JUDGMENT—ACTION—WHEN LIES—LACHES—APPEAL—INJUNCTION.

1. Where the cause for which a judgment from which an appeal has been taken may be annulled is not apparent upon the face of the record, the court by which such judgment was rendered is the only one in which the nullity can be demanded.

2. The remedy by action for nullity of judgment, as provided by Code Prac. art. 607, is independent of the remedy by appeal, but is not intended as a substitute therefor, or as a means of affording another day in court to a litigant who has neglected his opportunity. Its purpose is to furnish relief against fraud which has operated in the obtention of a judgment, which makes no appearance in the record, and for which an appeal would afford no remedy.

3. The case taken up by an appeal is the case heard and decided in the court of first instance, and which is contained in the record, whilst the case presented, within the meaning of Code Prac. art. 607, in an action for the nullity of the judgment appealed from, is one which has not been heard or decided, and which is dehors the record lodged in the appellate court; hence the action of nullity and the appeal may be maintained at the same time without conflict.

4. If the conditions precedent imposed by law for the taking of an appeal, whether suspensive or devolutive, are not complied with no jurisdiction is vested in the appellate court, and it can do nothing with the case save dismiss the appeal (unless it be, possibly, in the exercise of a supervisory jurisdiction); and it cannot be said that a judgment from which no appeal has, in contemplation of law, been taken, is the judgment of the appellate court.

5. Where an action for nullity of judgment properly lies, an injunction may issue to restrain the execution of the judgment attacked notwithstanding that a suspensive appeal therefrom has been dismissed and a devolutive appeal has been subsequently taken and perfected and is still pending.

(Syllabus by the Court.)

Application by the state, on the relation of James B. Pelletier, for writ of mandamus and prohibition to William B. Sommerville, judge, and others. Writs denied.

E. Howard McCaleb and Hubert M. Ansley, for relator. Respondent Judge, pro se. William Stirling Parkerson and Eugene D. Saunders, for respondent State National Bank. John Clarence Davey, Jr., and Dinkelspiel & Hart, for respondents Connell and McMurray.

Statement of the Case.

MONROE, J. Relator alleges that in January, 1904, he obtained judgment against the State National Bank for $9,185, with interest; that the bank obtained an order for a sus-

pensive appeal therefrom, gave bond, and lodged the transcript in this court, but that the appeal was dismissed because the bond was insufficient in amount; that thereupon the bank obtained from the judge of the civil district court an order for a devolutive appeal from said judgment, and also a writ of injunction restraining the clerk of the court from issuing execution thereon, and restraining the sheriff from enforcing the same; and that said bank filed a petition praying that the relator be cited, and that said judgment obtained by him be annulled. Relator further alleges that the judge a quo was without authority "to enjoin the execution of said judgment rendered by this court"; that a devolutive appeal and writ of injunction cannot be used as a substitute for a suspensive appeal; that the facts stated in the application for the writ of injunction were well known to the bank before the rendition of the judgment enjoined, and formed a basis of its defense in the suit in which that judgment was rendered; that the charges of fraud and conspiracy which the bank, as plaintiff in injunction, now makes, "are calumnious, false, and untrue, and are the same as the charges made in the brief and oral argument" of its counsel when it appeared before this court as defendant; "that the nullity of said judgment cannot be sued for pending a devolutive appeal"; and that "said writ of injunction was illegally, improvidently, and wrongfully issued, and will work your relator great and irreparable injury." Relator further alleges that the judge a quo has acted in contempt of the authority of this court; and, after some other allegations, which are immaterial, prays that he be ordered to show cause why writs of mandamus and prohibition should not issue commanding him to execute the judgment obtained by relator, and prohibiting him from proceeding "with the execution of said writ of injunction."

To the petition of the relator there is annexed a copy of the petition upon which the injunction complained of was obtained, and, after consideration of both petitions, an order was made by this court directing the judge a quo to show cause why the writs prayed for by the relator should not issue.

The respondent judge, for answer, disclaims any intention of acting in contempt of the authority of this court, and alleges that the writ of mandamus should issue only to compel the performance of a ministerial duty, and that no demand in that respect has been made upon him that he has not already complied with; that the writ of prohibition should not issue because he has enjoined the execution of a judgment rendered by himself, a suspensive appeal from which had been dismissed by this court, and which he alone was vested with jurisdiction to enjoin, and that he does not expect to proceed to execute said injunction save in due course of trial and after issue joined as to all parties, because relator's allegation "that a devolutive appeal and temporary writ of injunction cannot be used as a substitute for a suspensive appeal, and thereby prevent the execution of a final judgment," is faulty in that "said injunction was not intended for, and does not act as, a substitute for a suspensive appeal; that the petition upon which the injunction issued contains allegations which are entitled to be tried and disposed of in the orderly course of the business of the court, and a separate and large bond has been furnished under said order to protect the parties in their pecuniary rights; * * * that said writ of injunction was not illegally, improvidently, or wrongfully issued, when the allegations of the petition are taken as true, and said writ will not work the relator irreparable injury, for the reason that pecuniary considerations alone are involved in the case." Respondent admits that this court alone has jurisdiction of matters concerning the execution of its own decrees, but he denies that this court has rendered any judgment in the case of

Pelletier v. State National Bank, or has taken any action save to dismiss the appeal, and he alleges that there is no judgment of this court requiring execution, and none the execution of which has been enjoined.

He further avers that relator's allegation "that the charges of fraud and conspiracy contained in said petition are calumnious, false, and untrue, and are the same as the charges made in the brief and oral argument of counsel for the State National Bank in this court," may be true, "but that he cannot come to such a conclusion until after hearing and trial of the case on the merits, or on motion to dissolve"; that the "allegations are that J. B. Pelletier entered into a conspiracy with another to defraud the State National Bank," and "that the judgment herein rendered is null and void; that it was obtained by fraud and perjury," etc., "which allegations are to be taken as true for the purposes of the preliminary injunction."

## Opinion.

The bank sued for the nullity of a judgment which had been rendered against it in the court by which the judgment had been rendered. It had the right to bring the suit, and, as the nullity of which it complained is not apparent on the face of the record, could have brought it before no other tribunal. Code Prac. arts. 604, 607–610; State ex rel. Chandler v. Judge, 43 La. Ann. 825, 9 South. 639; 1 Hen. Dig. p. 746. Hence there can be no question as to the jurisdiction of the district court, and that jurisdiction is not affected by the fact that the original cause in which the judgment complained of was rendered is pending in this court on devolutive appeal, since the case here is that which is presented by the record, already made up, whilst the case now presented to the district court, if a cause of action be disclosed by the petition, must of necessity be a case dehors that record; and whether or not the petition dis-

closes a cause of action is a matter for the district court to decide, subject to the right of either party to appeal to this court. The question which remains is whether the plaintiff in an action for nullity of judgment is precluded from obtaining, and the judge before whom such action is brought is precluded from issuing, a writ of injunction to restrain the execution of the judgment sought to be annulled, by the pendency in this court of a devolutive appeal therefrom; and that question, we think, upon both reason and authority must be answered in the negative.

Injunction is a conservatory writ, which it is within the sound legal discretion of the judge before whom a cause is pending to issue whenever "it is necessary * * * to prevent one of the parties, during the continuance of the suit, * * * from doing some act injurious to the other party." Code Prac. art. 303.

In the instant case the plaintiff in injunction alleges that the relator is desirous of executing the judgment obtained by him before the question of its correctness can be determined upon the devolutive appeal, and that, if he is allowed to do so, and the judgment should hereafter be reversed, it will be impossible to recover the money from him, as he "is utterly and entirely irresponsible." The purpose of the injunction, therefore, is to prevent the defendant in the action of nullity from doing an act injurious to the other party—i. e., executing the judgment which the plaintiff in said action is seeking to annul—and this he has the right to do. Klein v. Coon, 10 La. Ann. 523. It cannot be said that the injunction stays the execution of any judgment rendered by this court. On the contrary, the only judgment which this court has rendered in the matter is one in which it held that the State National Bank had failed (to an extent of less than $60 in a matter of more than $15,-000) to give the bond required by law for

a suspensive appeal, and hence that the appellate jurisdiction of this court had not attached.

The suspensive appeal was accordingly dismissed, and it is because the applicant acquiesces in that judgment that he now seeks to suspend the execution of the judgment against him by means of the injunction. Nor can it be said that the issues presented in the action of nullity are now pending in this court by reason of the devolutive appeal which has been taken since the dismissal of the suspensive appeal, for, as has been already observed, the case presented by the petition for nullity of judgment should be a case which is not presented by the transcript of appeal, but upon which the plaintiff has, nevertheless, the right to invoke judicial action, and which must be decided in the district court before it can be decided here.

In Cockfield v. Tourres, 24 La. Ann. 169, it was held that "the fact that a party cast in a suit has brought an action of nullity of judgment will not interfere with his right of appeal from the same judgment"; and the ruling thus made was approved in State ex rel. Waller v. Justice of the Peace, 47 La. Ann. 27, 16 South. 565. In Morris v. Bienvenue, 30 La. Ann. 879, it was held that the action of nullity could not be maintained, because the issues presented were the same as those presented by the appeal; but the question thus decided was brought before this court on appeal from a judgment rendered by the district court in the action of nullity, and the court, speaking through Mr. Justice Marr, went on to say: "Possibly there might be such a showing made, prima facie, of the absolute nullity of the judgment. as would authorize the court in which it was rendered to suspend the execution by injunction pending an appeal, not suspensive," etc. Of course, an appeal which suspends the execution of a judgment leaves no room

for an injunction to perform that office, and the inference from the language used would seem to be that an injunction may issue as an incident to an action for nullity of judgment where the case in which such judgment has been rendered is pending on devolutive appeal, even though the issues raised in such action be the same as those presented by the appeal. We do not feel called upon to express any opinion as to the inference thus stated. The action of nullity which we are now considering is based upon allegations involving issues of fact, which, as it appears from the return of the respondent judge and from the face of the petition by which the action was begun, are not in the case now pending in this court on appeal. But whether the allegations of the petition are sufficient to disclose a cause of action, and whether, upon the trial, they will be supported by proof, are matters which are exclusively, for the present, within the jurisdiction of the court in which the action has been brought.

"Where the error of the court below, if any, consists, not in maintaining jurisdiction, but in maintaining a partially insufficient cause of action, the appropriate remedy is by appeal." State ex rel. Reid v. Judge, 45 La. Ann. 943, 13 South. 185. "Prohibition and certiorari will not issue to restrain the district court from hearing, on the merits, an appealable case." Sheriff v. Judge, 43 La. Ann. 1059, 10 South. 196.

Beyond this, it has more than once been held by this court that "it will not consider an application for a writ of prohibition unless it be shown that relief on the ground of want of jurisdiction was unsuccessfully sought below" (State ex rel. Bassetti v. Judge, 44 La. Ann. 1093, 11 South. 872; State ex rel. Romero v. Judge, 47 La. Ann. 1600, 18 South. 634); and it is not suggested that relator has ever questioned the jurisdiction of the district court in that tribunal.

We are referred by the counsel for relator to the case of Naughton v. Dinkgrave et al., 25 La. Ann. 538, as supporting the contention that a writ of injunction cannot be used cumulatively with a devolutive appeal as a substitute for a suspensive appeal. The authority applies to the proposition stated, but not to the instant case. This court there held (quoting from the syllabus) that: "An order of seizure and sale should not be enjoined for insufficiency of the evidence upon which it was rendered. The remedy is by appeal. * * * A district judge cannot revise his decrees by injunction on the ground of the insufficiency of proof. A new trial *and an action of nullity* are the only modes by which he can revise his judgments." (Italics by the present writer.) The propositions contained in this excerpt are based upon plain provisions of law. The Code of Practice grants to the party cast in a suit a remedy by appeal. The appeal may be suspensive or devolutive, as certain conditions or certain other conditions are complied with. If the conditions are not complied with, no jurisdiction is vested in the appellate court, and it cannot do anything with the case save dismiss the abortive appeal (unless it be in the exercise of some supervisory jurisdiction). If the conditions are complied with, the appellate court is vested with jurisdiction of the case that was tried in the court a qua, and the latter court is devested of such jurisdiction. But there may be, or there may arise, another case, which, it may be said, was not tried in the court a qua, in which the appeal, whether suspensive or devolutive, would afford no remedy, and for which the lawmaker has provided as a remedy the action for nullity of judgment.

Thus article 607 of the Code of Practice provides that "a definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud, or other ill practices on the part of the party in whose favor it was rendered; as if he had obtained the same by bribing the judge or witnesses," etc.; and this court has said: "The grounds of fraud specified in Code Prac. art. 607, are illustrative, and not exclusive, and the jurisprudence of this state emancipates the terms 'fraud and ill practices' from control by those examples, and vests the courts with discretion to determine what kind of fraud and ill practices should vitiate a judgment, according to the principles applied to such matters by courts of equity." Lazarus v. McGuirk, 42 La. Ann. 194, 8 South. 253. The remedy thus supplied is independent of the appeal, but is not intended as a substitute therefor, or as a means of affording another day in court, in a case fairly tried, to a litigant who has neglected his opportunity. Its purpose is to provide relief against fraud which has operated in the obtention of a judgment which makes no appearance in the record, and for which an appeal would afford no remedy. Whether, in a particular instance, a petition presents the case thus provided for, or whether it presents the same case which has already been heard and decided, and which is pending on appeal, is a question that must be left a good deal to the sound discretion of the judge of the first instance, though, no doubt, if he should err, and a condition of affairs should be brought about whereby it appeared that the appellate court and the court of first instance were vested at the same time with jurisdiction of the same issues between the same parties, the interposition of the authority of the appellate court would become necessary. We do not, however, find such condition of affairs here presented.

It is therefore ordered, adjudged, and decreed that the writs prayed for be denied, and this proceeding dismissed, at the cost of relator.