## BELL v. FIRST NATL. LIFE INS. CO.

---

(December 14, 1931.   Opinion and Decree.)
(January 11, 1932.   Rehearing Refused.)
(March 30, 1932.   Writs of Certiorari and
Review Refused by Supreme Court.)

---

A. H. Reed and Henry J. Wyman, of New
Orleans, attorneys for plaintiff, appellee.

Normann, McMahon. & Breckwoldt, of
New Orleans, attorneys for defendant, ap-
pellant.

ON MOTION TO REMAND

WESTERFIELD, J.  When this case was
called for trial, defendant, through its
counsel, moved to remand upon the follow-
ing grounds:

"That mover has instituted nullity pro-
ceedings to avoid, annul and set aside the
judgment herein appealed from on the
grounds, inter alia, that the said judg-
ment was obtained through the fraud and
ill-practices of the plaintiff and appellee,
Mrs. Annie Fallow Bell, * * * that the
judgment appealed from is predicated upon
the assumption that the plaintiff and ap-
pellee herein has been permanently and
totally disabled as a result of her said al-
leged injuries, whereas in truth and fact
the plaintiff and appellee herein has en-
tirely and completely recovered from her
said alleged injuries, and was so recovered
at the time that the judgment appealed
from had been rendered, but that plaintiff
and appellee's true physical condition does
not appear from the transcript of this
appeal;  * * *  that the plaintiff and ap-
pellee herein is impecunious, as will more
fully appear from the fact that the proceed-
ings appealed from were instituted in 'for-
ma pauperis' under the provisions of Act
No. 156 of the General Assembly of Lou-
isiana of 1912, as amended, and that in the
event that this Court awards judgment
in her favor, and before mover's said
action of nullity can be tried, mover will
be compelled to liquidate the said judg-
ment in order to avert execution proceed-
ings, and in the event that mover is suc-
cessful in its action of nullity, mover will
be unable to recover from plaintiff and
appellee the amount of the judgment so
paid;  * * *  that the sole evidence ad-
duced to support plaintiff and appellee's
contention of total and permanent disabil-
ity is the testimony of Dr. E. D. Fenner,
who admittedly had not seen her for six-
teen months prior to the date on which he
testified and who testified solely upon the
basis of probability, and not upon the basis
of actual fact, and that this Honorable
Court should remand this cause to the
Civil District Court for the Parish of Or-
leans for further testimony on the question
of plaintiff and appellee's disability, or in

the alternative should continue the argument herein until the rendition of judgment by the said Civil District Court of mover's said action of nullity."

Accompanying the motion to remand is a certified copy of the petition of defendant in the action of nullity filed in the civil district court on November 27, 1931, under the number 194,687.

For answer to the motion to remand, plaintiff, through her counsel, in opposing the motion, avers that the object of the injunction suit was "to retard justice and to refrain from paying a just and equitable claim for damages which defendant has suffered through the carelessness and negligence of the plaintiff in rule, and their laches prior to the trial, at the trial and since." Concerning the suggestion with reference to plaintiff's physical condition, it is averred that "she has been willing at all times to have a reputable and skilled surgeon examine her; that plaintiff in this rule has not availed himself of the opportunity which law and justice demands, to ask for this examination, but on the contrary now seeks to have the court remand to take further evidence as to her physical disability at this late date; that such procedure would work an irreparable injury on defendant in this rule, because plaintiff in this rule has threatened to dispose of or put beyond the control of defendant in this rule worldly goods and possessions owned at this time; that bondsman has or is about to transfer all of his stock, goods and chattels to the detriment of defendant in this rule * * *"; that "to allow the plaintiff in rule such time as will enable (them) to dispose of their interest of the both principal and surety, as they have threatened to do, because your defendant in rule would not acquiesce in the compromise that they have offered, a mere pitiable (sum) of $1,200.00, which

they claimed would be amount she would have received under the Workmen's Compensation Law."

The answer is sworn to by the plaintiff and argument was heard upon the motion to remand in advance of the trial upon the merits.

On July 29, 1930, the plaintiff brought suit in the civil district court against the defendant insurance company for damages for physical injuries, claiming $15,500. She alleged that she was employed by the defendant in the capacity of caretaker of a house on Baronne street in the city of New Orleans, which it owned; that in December, 1929, she moved into the house and, on the same day, about 11 o'clock, while placing her private belongings in the house, she undertook to close a heavy glass door; and that, as she laid her hand on it, it fell upon her and knocked her down, with the result that she suffered a fracture of the neck of the right femur, pyelitis, and broncho-pneumonia, the effect of which was to invalid her for life. She alleged that the defendant was responsible in damages because of its negligence in permitting her to enter the house while it was in such a dangerous condition, without warning.

After a trial upon the merits, judgment was rendered in plaintiff's favor and against the defendant for $5,000, from which judgment the defendant prosecuted a suspensive appeal to this court.

In the reasons for judgment given by the learned judge below it was stated that:

"The injuries of plaintiff are admittedly very serious. She was unable to rise from her chair in the courtroom without assistance; she was unable to take the witness chair, but was obliged to sit in a chair placed for her convenience near the stenog-

rapher. Dr. Fenner's testimony shows that, in all probability, she will be a cripple for the balance of her life. Her age and her injuries are about the same as the age and the injuries of Mrs. Klein, the plaintiff in the case of Klein v. Young, 163 La. 59, 111 So. 495. The plaintiff in that case was allowed $5,000. Therefore, I believe that I should allow in this case the same amount."

It is this statement of the trial judge, in his reasons for judgment, which forms the basis of the action in nullity below, since it is contended that the plaintiff, Mrs. Annie Fallow Bell, was guilty of fraud in that she falsely pretended to be totally disabled and her physician, Dr. E. D. Fenner, is alleged to have been mistaken in the testimony he gave in corroboration of the false pretensions of Mrs. Bell, reference to which testimony was made by the trial judge in his reasons for judgment. On this showing we are asked to remand the case to the civil district court "for the sole purpose of taking further testimony as to the nature and extent of plaintiff's alleged disability; or, in the alternative only," to continue the hearing in this court "until the rendition of the judgment by the said Civil District Court in the matter of: First National Life Insurance Co. v. Mrs. Annie Fallow Bell, No. 194,687 of the docket."

The plaintiff in the rule to remand mainly relies upon the case of State ex rel. Pelletier v. Sommerville, Judge, 112 La. 1091, 36 So. 864, 867. The facts considered in the cited case are as follows: Pelletier obtained a judgment against the State National Bank for $9,185. An order for a suspensive appeal was granted and bond and transcript lodged in the Supreme Court. The bond was insufficient in amount. The appeal was dismissed because of the insufficiency of the bond, whereupon the defendant obtained an order for a devolutive appeal and a writ of injunction restraining the execution of the judgment, coupled with an action of nullity. The action of the judge in enjoining the execution of the judgment was the subject of an application for a writ of mandamus and prohibition to the Supreme Court, in which his conduct was criticized as improper for the reason that the writ of injunction could not be used as a substitute for a suspensive appeal; that the charges of fraud were false; that the nullity of the judgment could not be the subject of suit pending a devolutive appeal. The court in its opinion held that the action of nullity might properly be brought during the pendency of the appeal, since the issues it presented were not the same as those presented by the appeal. The action of the court below in issuing the injunction was approved upon the ground that "its purpose is to provide relief against fraud which has operated in the obtention of a judgment which makes no appearance in the record, and for which an appeal would afford no remedy," but it was said, "the remedy thus supplied is independent of the appeal, but is not intended as a substitute therefor, or as a means of affording another day in court, in a case fairly tried, to a litigant who has neglected his opportunity."

We find nothing in the Pelletier case which would justify the remanding of the instant case for the purpose of taking further testimony concerning the actual physical condition of plaintiff, nor do we believe that the mere filing of an action in nullity upon the ground of fraud is sufficient reason for an appellate court to reopen a case pending before it on appeal for the purpose of taking further testimony bearing upon the alleged fraudulent acts of the successful party. In the case of Schneider v. Etna Life Insurance Co., 30 La. Ann. 1198, a case which was remanded, where it

appeared that the judgment was based upon the death of an individual, and, by ex parte evidence filed in the Supreme Court, it was alleged that the individual was alive, the court used the following language:

"We are not unmindful that under cover of a motion to remand for evidence subsequently discovered, attempts may be made to delay appeals in other cases, but the remedy is in our own hands, and the circumstances of the present application are extraordinary and exceptional."

In the case at bar the contingency which plaintiff fears may result in injury, namely, the necessity of paying the judgment, is not at present imminent, and it may never occur, for it is possible that, after considering the case on its merits, we may come to the conclusion that the plaintiff's claim is not well founded, and, in the meantime, the suspensive appeal sued out by plaintiff prevents the execution of the judgment. If, however, after a consideration of the case, we should agree with our brother below and affirm the judgment, it will be sufficient time for plaintiff to take protective measures, should the action of nullity be in a stage which would make such protection necessary, for, if the action of nullity has not been tried, application can be made to the court below for injunctive relief, when it would appear that the Pelletier case would afford sufficient authority.

We do not feel justified in retarding the orderly and timely hearing of this case by deferring its consideration to some time following the determination of the action of nullity. Whether such action on our part would be within our discretion or not is beside the mark, for we are not inclined to do so upon the showing made in this case.

For the reasons assigned the motion to remand is denied.

___

ON APPLICATION FOR REHEARING

PER CURIAM. A reconsideration of our opinion in this case results in the conviction that what was said concerning the effect of State ex rel. Pelletier v. Sommerville, Judge, 112 La. 1091, 36 So. 864, is, perhaps, unwarranted. Gajan et al. v. Patout & Burguieres, 135 La. 156, 65 So. 17. However, we are convinced that the result reached and the decree rendered are correct.

Consequently the application for rehearing is refused.