O’NIELL, C. .1.
 

 This is a suit to annul a judgment obtained by the defendant here, Mrs. Annie Fallow Bell, against the present plaintiff, First National Life Insurance Company, for $5,000. The suit in which Mrs. Bell obtained the judgment was a suit for $15,500 damages for personal injuries alleged to have been caused by a heavy door falling upon her in a house belonging to the insurance company. The company took a suspensive appeal to the Court of Appeal, and the case was pending there when this suit to annul the judgment was filed in the civil district court, where the judgment had been rendered. The cause of action alleged by the insurance company, in this suit to annul the judgment, was that it had been obtained by fraud and by false swearing on the part of Mrs. Bell, to the effect that she was totally and permanently disabled, when in fact she had recovered from, the injuries. She filed an” exception of no cause or right of action, a plea of lis pendéns, and a plea of prematurity. The judge, after hearing argument on the exceptions, sustained the exception of no cause of action and dismissed the insurance company’s suit, being of the opinion that the company had neglected its opportunity, in the original suit, to contradict the proof of the extent of Mrs. Bell’s injuries, and that the burden of the company’s complaint, in the suit to annul the judgment, was not that the judgment was obtained by false swearing, but that the evidence of the extent of the injury was an exaggeration and was not sufficient to warrant the judgment. The attorneys representing the insurance company in the suit to annul the judgment did not represent the company in the trial of the suit in which the judgment was rendered, but were employed after the appeal from the judgment was taken to the Court of Appeal. The minute clerk who wrote the judgment of the civil district court, sustaining the exception of no cause of action, and therefore dismissing the insurance company’s suit, wrote into the judgment that the plea of lis pendens also was sustained. Of course, the plea of lis pendens, which was based upon the pendency of the appeal from the original judgment, in the Court of Appeal, was not well founded; and it is shown by the judge of the civil district court, and conceded by the parnés to this litigation, that the suit to annul the original judgment was dismissed only on the exception of no cause of action and not on the plea of lis pendens,
 
 *167
 
 The attorneys for the insurance company, however, believing that the district judge had sustained the plea of lis pendens, and had thereby virtually declined to exercise his jurisdiction over the suit to annul the original judgment, applied to this court for writs of certiorari, prohibition and mandamus, to compel the .district judge to try the action for nullity on its merits. We issued a rule to show cause why the relief sought by the insurance company should not be granted, and, in answer to the rule, the 'district judge has explained that he did not sustain the plea of lis pendens, or decline to exercise jurisdiction over the suit to annul the original judgment, but dismissed the suit, because, in his opinion, the insurance company did not set forth a cause of action.
 

 Our opinion is that the only means by which the insurance company may obtain a reversal of the judgment dismissing the company’s suit for want of a cause of action, if that judgment is wrong, is by an appeal in the ordinary course of procedure. As a general rule, when a party complains that a judge has erred, and it appears that the error complained of, if it was an error, consisted, not in a refusal of the judge to exercise his jurisdiction, or in his exceeding his jurisdiction, but in his ruling that the complainant had no cause or right of action, the. remedy is by an appeal, and not by a resort to the supervisory powers of the higher court. State ex rel. Reid v. Fournet, Judge, 45 La. Ann. 943, 13 So. 185; State ex rel. Pelletier v. Sommerville, Judge, 112 La. 1098, 36 So. 864.
 

 The attorneys for the insurance company contend that an appeal from the judgment dismissing the company’s suit would not have been an adequate remedy, or afforded any re lief, because the Court of Appeal will have rendered its judgment, either ' affirming or reversing the judgment which the company is now seeking to annul, before this suit to annul the original judgment can be finally disposed of. The attorneys cite the following decisions to support the proposition that no court has original jurisdiction of a suit to annul a judgment rendered or affirmed by a court having only appellate jurisdiction, unless the cause of nullity appears on the face of the record, viz.: Melancton’s Heirs v. Broussard, 2 La. 8; De la Croix v. Myra Clark Gaines, 13 La. Ann. 177; Walker v. Barrelli, 32 La. Ann. 1159; Succession of Martin v. Succession of Hoggatt, 37 La. Ann. 340; Gajan v. Patout & Burguieres, 135 La, 156, 65 So. 17. In the light of these decisions, the attorneys for the insurance company, on the day on which they filed this suit, filed a motion in the Court of Appeal, asking the court either to remand the case then pending on appeal, for the introduction of evidence of the alleged fraud and false swearing with regard to the extent of Mrs. Bell’s injuries, or to postpone a hearing of the case until the suit to annul the judgment appealed from could be decided by the civil district'court; but the Court of Appeal, after due consideration of the motion, refused to remand the case and refused to postpone the hearing or decision of the case. It is possible, therefore, if not quite probable, that the Court of Appeal will have rendered its decision, either affirming or reversing the judgment which the insurance company is suing to annul, before the suit to annul the judgment can be tried; but that is a matter beyond our control in the present proceeding. This is not a proceeding
 
 *169
 
 to stay execution of the judgment sought to be annulled, or to stay proceedings in the Court of Appeal; and we are not called Upon now to express an opinion as to whether the insurance company is entitled to any such stay of proceedings. It was decided in State ex rel. Pelletier v. Sommerville, Judge, 112 La. 1091, 36 So. 864, that the fact that a ease is pending on appeal is not a bar to an action to annul the judgment appealed from, on grounds that do not appear on the face of the record and that were not at issue or available as defenses in the suit in which the judgment was rendered.
 

 The rule to show cause why the relief prayed for by the relator should not be granted is recalled, and this proceeding for writs of certiorari, prohibition, and mandamus is dismissed.