TERM OF 1900-1901. 301

State ex rel. R. R. Co. and Sugar Refinery and R. R. Co. vs. Judge.

No. 13,658.

STATE EX REL. FRANKLIN & ABBEVILLE R. R. CO. AND CAFFERY CENTRAL
SUGAR REFINERY AND R. R. CO., LIMITED, VS. A. C. ALLEN, JUDGE.

### SYLLABUS.

1. If the books of a corporation, which is a party to pending litigation, are at their place of business in the parish where the suit is pending, and in the custody of one of their officials in such parish, the process of the court to reach these books and have them produced in court will lie, notwithstanding the nominal or *legal* domicil of the corporation may be in another parish.

2. An order for the production of books in court should describe such books, papers and documents as are wanted, and where the order is general in terms, directing the production of "all the books," timely objection on that ground should be made before the trial court to the execution of such an order and should, notwithstanding, the general order be persisted in, seasonable application to this court for its intervention to correct the proceedings would meet with ready response.

3. But where the party complaining raises no such objection in the trial court, but produces the books, and only after the same are in the custody of the court and under examination by the party calling for them, bethought himself to raise it and then seek the aid of this court through its remedial and supervisory writs to set aside the order of production, no case is presented entitling him to the relief sought.

A PPLICATION for writs of *Mandamus,* Prohibition and *Certiorari.*

*Guy M. Hornor, Charles A. O'Niell* and *James R. Parkerson* for Relators.

Respondent Judge *pro se.*

*Don Caffery & Son* and *J. Sully Martel,* of Counsel for Respondent.

The opinion of the court was delivered by

BLANCHARD, J. In November, 1897, the Franklin & Abbeville R. R. Co. filed suit against Donelson Caffery and obtained an order of injunction restraining him from obstructing the use and enjoyment of certain rights of way claimed by the company.

The suit lingered upon the docket until May, 1900, when defendant Caffery filed answer attacking the charter of the plaintiff corporation.

Thereupon, in September, 1900, the Caffery Central Sugar Refinery and R. R. Co., Limited, alleging interest, intervened in the suit and joined the plaintiff in the prayer for maintenance of the injunction.

Prior to this, to-wit:—in July, 1900, the cause had been assigned for trial on October 1, 1900.

A few days before the one upon which the case was set for trial, defendant Caffery applied for an order on the manager of the Caffery Refinery, whose office was stated to be in the Parish of St. Mary, where the cause was pending, for the production of the books of that concern, as well as those of the plaintiff company, alleging these books to be in his possession and that they were material to the defense, setting forth in what respect material.

The order was granted directing the books to be produced in open court on the day of the trial.

Viewing defendant's answer to the suit as a reconventional demand seeking the annulment of its charter, plaintiff company filed against it an exception of no cause of action and estoppel.

The court ordered the exception referred to the merits, with full reservation of all the rights of the exceptors.

At the time fixed for the production of the books the manager of the Caffery Refinery filed objections to the execution of the order, and both plaintiff and intervenor contested the order and sought to have it set aside.

These objections were overruled and the books produced.

The next day the manager of the Refinery Company filed an application for the return of the books to him, averring the same to be necessary in the conduct and management of the business of the two corporations, and that without them he would be practicably prevented from carrying on their business.

This application being denied, counsel for plaintiff and intervenors gave notice of intention to apply to the court for writs of *mandamus,* prohibition and *certiorari,* and to this end moved that further proceedings in the court *a qua* be stayed. The motion was granted.

The case under consideration is this application for the writs mentioned.

The petition gives a history of the litigation and the successive steps taken therein and contains much matter that has direct reference only to the merits of the original suit.

The complaint in particular seems to be leveled:—

State ex rel. R. R. Co. and Sugar Refinery and R. R. Co. vs. Judge.

1. At the judge's refusal to take up for trial the exception of no cause of action and plea of estoppel filed by plaintiffs to the reconventional demand of the defendant, and determine the same before proceeding to trial on the merits of the case. His order referring the same to the merits is denounced as contrary to law and correct practice and a violation of their rights.

2. At the order requiring the production of the books and refusal to vacate same.

3. At the court's refusal to permit the retaking of the books by the manager of plaintiff and intervenor the next day after their production under the order of court.

The prayer of the petition is for a writ of prohibition restraining respondent judge from proceeding further in the cause pending in the Parish of St. Mary; for a writ of *certiorari* to bring up the record of the case, to the end that the validity of the proceedings complained of may be enquired into; and for a writ of *mandamus* commanding the delivery to relators, or their manager, of the books which the trial court had ordered produced.

The writ of *certiorari* issued and under it the record of the case has been sent up; and an order issued directing the judge to show cause why writs of prohibition and *mandamus* should not issue—further proceedings in the cause to be meanwhile stayed.

Answering the rule the respondent judge says, with regard to the exception of no cause of action and estoppel filed by plaintiffs and directed against the demands contained in the answer of defendant, that the same was presented for the first time and filed on the very day the case was set for trial on its merits.

We think, in referring this exception and plea of estoppel to the merits without prejudice and with full reservation, as was done, was not, under the circumstances, improper.

Defendant's answer had been filed in the month of May preceding— some five months previous—and the case had been set, in July following, for trial on the 1st of October. For plaintiffs to wait until the very day assigned for trial to file their exception and plea of estoppel, and then to insist upon taking the same up for trial in advance of the merits and, perhaps, to the exclusion of trial upon the merits that day, was unreasonable. The judge's order directing the exceptions to be referred to the merits without prejudice was the exercise of a reasonable discretion and the same is sustained.

With regard to the order requiring the production of the books and his enforcement of the same, the judge says the *subpoena duces tecum* having been made returnable on the day fixed for the trial of the case, counsel for plaintiff appeared in court and asked by verbal motion until 3 o'clock p. m. of that day to comply with the order. This request, the judge says, was granted and the books were produced in open court at that hour.

As has already been noticed, prior to the production of the books the manager, on whom the *subpoena* had been served, had made an unsuccessful attempt by plea to have the order discharged. One of the reasons therefor which he advanced was that the domicil of the companies he represented was the City of New Orleans and not the Parish of St. Mary. Another was that he was not the manager, but assistant manager, and not the custodian of the books. And another was that the books which were in his possession were subject to the order of the corporation and he had no authority to dispose of them. He stated that he filed his plea simply for his personal protection, and that if overruled he stood ready to comply with the order of the court.

There was no force whatever in his objections.

It mattered not that the nominal, or legal, domicil of the corporations was in the city of New Orleans. Their place of business and business office was in St. Mary's Parish, within the jurisdiction of the court; the books called for were in their business office in the parish where the suit *was pending* and in the possession and custody of the official upon whom the order was served, whether he be designated manager or assistant manager; and the fact that he actually produced them in obedience to the order is indubitable proof that the order to produce had been served upon the right party—the one having the actual custody of the books.

Nowhere in his plea did the manager raise any objection to the order to produce itself, on the ground that its terms were too general, that it directed the production of *all the books* of the two corporations in his possession or under his control, or that it failed to describe the books wanted.

The same is true of the pleas filed at the same time by the two corporations, contesting the enforcement of the order to produce the books. Not a word of objection as to the general terms of the order, the failure to describe the books, or the inclusion of *all their books* in the scope of the order.

With regard to the refusal to permit the retaking of the books by the manager after their production, on the ground that the same were necessary in the conduct of the business of the corporation, which business, it was alleged, they would be prevented from carrying on if the books were not returned, the judge says he offered to the manager in open court the privilege of selecting from the mass of books, papers and documents produced those that did not refer to the issue in the cause, and those that were required for the present needs of the corporations, and such as he selected would be returned to him; which offer was declined by his attorneys.

This whole proceeding for the writs invoked is, at last, bottomed on the contention of relators that, "without any specific allegation of any particular book or books, it was unlawful to order the production of any books, and that, in any event, it was unlawful for the district judge to order the production of all their books."

It is true the law says the order must describe such books, papers or documents as are wanted (C. P. 473), and had the plaintiff and intervenor, or their manager, made timely objection to the order on this ground, and the court *a qua* had, notwithstanding, persisted in maintaining the order in sweeping terms requiring the production of *all of the books,* without any attempt at description, seasonable application here for the intervention of this court to correct the proceeding would have met with ready response.

But where, as was the case in this instance, the parties raised no such objection, but produced the books, and only after the same were in the hands of the clerk of the court and under examination by the defendant who had called for them, bethought themselves to raise it and then sought the aid of this court to set aside the order of production, we are constrained to hold that they present no case entitling them to the relief sought. See 44 La. Ann. 1093; 43 La. Ann. 1121; 41 La. Ann. 908; 40 La. Ann. 607; 37 La. Ann. 845; 34 La. Ann. 611.

All the other allegations of the petition for the writs, not heretofore noticed, affect the merits of the controversy pending in the Parish of St. Mary between these parties, and it is not proper in this proceeding to anticipate the merits by any ruling thereon at the present time. Prohibition, *certiorari* and *mandamus* are not the proper remedies to enforce objections to testimony.

It is not considered that the respondent judge has by his rulings and

conduct in the original cause invaded the rights of the relators, or denied them any right or remedy accorded by the law.

It is not considered that sufficient grounds exist for any of the remedial or supervisory writs applied for.

It is, therefore, adjudged and decreed that the writ of *certiorari* herein be discharged, that the application for peremptory writs of prohibition and *mandamus* be denied, and that the temporary order staying proceedings in the cause pending in the Parish of St. Mary, entitled the Franklin & Abbeville R. R. Co. vs. D. Caffery, Sr., be set aside and revoked, at the costs of relators.

Rehearing refused.