MONROE, C. J.
Relators having been cited to appear, on June 24, 1919, before the mayor’s court of the town of Abita Springs, “in a matter relating to the nonpayment of a license” for peddling milk, filed the following exception, to wit:
“Except to the jurisdiction of this court, ratione personae, on the ground the action of this •court is unconstitutional and illegal and is unwarranted in law. * * * That the mayor * * • is without power or authority to sue any individual for a debt due the said town. * * * That it. has only jurisdiction in criminal matters, in so far as the violation of any •ordinance is concerned. * * * That this court is without jurisdiction to try - any individual, corporation or any one else for a civil •debt, and has therefore no jurisdiction in civil matters.”
The exception having been overruled, the defendant “O. A. Pons” (sic?) was convicted and sentenced to pay a fine of $15, or suffer imprisonment for 30 days in the town jail. On his motion an appeal, suspensive and devolutive, was allowed to this court, returnable August 1, 1919, upon his giving bond for a suspensive appeal in the sum of $30, which he gave in due time. The appeal has,, however, not been brought up, but instead both defendants invoke the supervisory jurisdiction of this court by an application filed on July 5, 1919, in which (among other things) they allege that there is no law or ordinance warranting a prosecution as for a misdemeanor in, such a case; that the mayor should have proceeded under Act 98 of 1898; that the surety upon “his bond” (referring, as we assume to the bond for appeal, which is the only bond that appears in the record) was and is worth the said sum of $50, and is such as the law requires; “that said may- or had no right * * * to constitute himself judge of a civil court, and fine and imprison your relator for the nonpayment of a debt'; that the said mayor’s court is only a criminal court, and that your relators were not tried for the violation of any criminal ordinance;” that the law allows no appeal from the judgment complained of; and that relators have no other remedy than that which they here seek, to wit, the writs of certiorari and prohibition, for which they therefore pray.
[1] It appears from the return of the may or that, on February 6, 1917, the municipal authorities of Abita Springs adopted an ordinance imposing upon each dairyman “operating a delivery route on foot or vehicle” and selling his produce at retail a license tax of $5 per year, and that on June 3, 1919, the ordinance was amended by the adoption of a motion to the effect “that all delinquent license payers be served by the town clerk a 5 days’ notice to pay their lieense(s), and, in default * * * an affidavit is ordered against the delinquent to appear in the may- or’s court for trial, and a fine not to exceed $25, or a sentence in jail, not to exceed 30 days, or both, at the discretion of the mayor.”
As will be observed, the amendment suggests the idea of a fine or imprisonment, or both, but is not clear in- the matter of authorizing the imposition of either penalty. However that may be, Act 98 of 1898, pp. 123, 124, provides a civil remedy for the enforcement of the payment of municipal licenses, and this court has held that—
*993 “They [municipal authorities] cannot substitute criminal proceedings for the collection of licenses, when the Legislature has provided that the proceeding shall be of a civil nature.” Village of Dodson v. Payne, 133 La. 1059, 63 South. 518.
As no sentence was imposed upon Mrs. Pons, she needed no remedy and is entitled to none.
[2] Assuming that the sentence imposed upon O. A. Pons was intended for the defendant A. O. Pons, then before the mayor’s court, his remedy ordinarily, would have been either by appeal to the district court under article 111 of the Constitution, which declares that:
“Persons sentenced to a fine or imprisonment, by mayors or recorders, shall be entitled to an appeal to the district court of the parish, upon giving security for fines and costs of court, and in such cases trial shall be de novo and without juries” — or by appeal to this court under article 85 of the .Constitution, which declares that the appellate jurisdiction of this court “shall extend * * * to all cases in which the constitutionality or legality * * * of any fine, forfeiture, or penalty imposed by a municipal corporation, shall be in contestation,” etc.
As the purpose of the proceeding before the mayor was, not the collection of the license tax of $5, but the enforcement of a penalty of fine or imprisonment, or both, for the nonpayment of that tax, the matter in contestation would, no doubt, have been the legality of that penalty, if the merits of the case had been reached in a court of competent jurisdiction. But the transcript, made part of the return and certified to “contain all the original documents filed in the suit of the Town of Abita Springs v. Mr. and Mrs. A. O. Pons, as well as a true and correct copy of the ordinances of said town council,” discloses no charge against defendants, by affidavit or otherwise, no arraignment, and no plea. The proceeding begins with a subpcena, directing Mr. and Mrs. Pons to appear in the mayor’s court on a certain day, and until discharged (quoting) “to testify to the truth, according to your knowledge, in a controversy therein pending between the town of Abita Springs, plaintiff, and yourselves, defendant, on the part of the nonpayment of license.” The judgment reads:
“This cause coming up for trial in its regular order’, after due notice served on the defendant, and the defendant having appeared in open court and filed a plea to the jurisdiction, * * * the exception was overruled, whereupon, defendant being called upon to answer the charge of violating the city ordinance by refusing to pay a license for retailing milk, it being proved in open court that the defendant had violated the town ordinance, and still persisting and refusing in open court to pay the same, it is the judgment of this court that the .said defendant O. A. Pons is found and adjudged guilty of violating the town ordinance, and the court now sentences the said O. A. Pons to pay a fine,” etc.
We fail to find that the legality of the penalty imposed was in contestation, .though it would have been the main defense had the case been put at issue on the merit; hence there would appear to have been no remedy by appeal to this court. And, though the sentence of fine or imprisonment entitled defendant to an appeal to the district court, some doubt might have arisen as to the adequacy of that remedy, since the district court has no jurisdiction, even on a trial de novo, in a case brought by appeal of the question of the validity of a fine or penalty imposed under a municipal ordinance. In any event, and without definitely determining those questions, relator, by abandoning his appeal to this court and failing to appeal to the district court, has lost the remedy by appeal, as against a sentence of fine or imprisonment for which the law affords no warrant. However, we are of opinion that the case is a proper one for the exercise of the supervisory jurisdiction vested in this court, and it is accordingly ordered and adjudged that the conviction and sentence complained of by the relator A. O. Pons be annulled, and that he be discharged with respect thereto. The application of Mrs. Pons is dismissed.