them is that different defendants are involved.

For the reasons assigned in In re Louisiana Coastal Lands, Inc., et al., 2 So.2d 184,[1] this cause is remanded to the lower court in order that the subpoena duces tecum may be modified consistent with the views therein expressed.

O'NIELL, Chief Justice (concurring).

I concur in the opinion that the judge of the criminal district court should modify his order to produce the books and records of the corporation, so as to make the order a reasonable one; but, inasmuch as this investigation is in the nature of a criminal proceeding, being conducted under the provisions of article 156 of the Code of Criminal Procedure, I do not consider the articles of the Code of Practice, relating to writs of subpoena duces tecum, as being applicable to this case.

2 So.2d 189

In re SUBURBAN COAST REALTY CO., Inc., et al.

No. 36142.

April 28, 1941.

Fred A. Middleton, of New Orleans, for relators.

Eugene Stanley, Atty. Gen., J. Bernard Cocke, Dist. Atty., of New Orleans, and W. C. Perrault, Asst. Atty. Gen. (James J. Morrison and L. F. Wingerter, both of New Orleans, of counsel), for respondents.

PONDER, Justice.

This is a companion case to In re Louisiana Coastal Lands, Inc., et al., 2 So.2d 184.[1] The issues and facts in both cases are identical and the only difference between them is that different defendants are involved.

For the reasons assigned in In re Louisiana Coastal Lands, Inc., et al., 2 So.2d 184,[1] handed down this day, this cause is remanded to the lower court in order that the subpoena duces tecum may be modified consistant with the views therein expressed.

O'NIELL, Chief Justice (concurring).

I concur in the opinion that the judge of the criminal district court should modify his order to produce the books and records of the corporation, so as to make the order a reasonable one; but, inasmuch as this investigation is in the nature of a criminal proceeding, being conducted under the provisions of article 156 of the Code of Criminal Procedure, I do not consider the articles of the Code of Practice, relating to writs of subpoena duces tecum, as being applicable to this case.

[1] 197 La. 701.