2 So.2d 184

**In re LOUISIANA COASTAL LANDS, Inc., et al.**

No. 36140.

April 28, 1941.

Fred A. Middleton, of New Orleans, for relators.

Eugene Stanley, Atty. Gen., J. Bernard Cocke, Dist. Atty., of New Orleans, and W. C. Perrault, Asst. Atty. Gen. (James J. Morrison and L. F. Wingerter, both of New Orleans, of counsel), for respondents.

PONDER, Justice.

Eugene Stanley, Attorney General of the State of Louisiana, and J. Bernard Cocke, District Attorney for the Parish of Orleans, petitioned the lower court for an open hearing under the provisions of Article 156 of the Code of Criminal Procedure, as amended and reenacted by Act No. 24 of the First Extra Session of 1934, for the purpose of investigating complaints that certain trapping and mineral leases on lands belonging to public bodies and agencies of the State, situated in the Parishes of Plaquemine and St. Bernard, had been procured through fraudulent means by individuals and corporations domiciled in the City of New Orleans. It is alleged in the petition that the petitioners were informed and believed that the acts complained of were committed in the Parish of Orleans and constituted crimes and misdemeanors against the State. The petitioners prayed for the issuance of summons to various individuals to appear at the open hearing, on a day to be fixed by the court, for the purpose of taking their depositions, and for the issuance of subpoenas duces tecum ordering the production of the books, papers, and documents of certain corporations in the possession of their officers. In pursuance to the prayer of the petition a subpoena duces tecum was issued directed to Robert J. Lobrano, secretary-treasurer of the Louisiana Coastal Lands, Inc., ordering him to produce the following property of the corporation, viz.:

"Check book and stubs; canceled checks; Stock book and stubs; mineral leases acquired and executed; Real Estate, mineral and royalty deeds; Moveable property inventory; Bank books, statements and records; minute books, journals, ledgers, cashbooks; Papers and correspondence; Accounts Receivable and Accounts Payable; pay rolls; and all other books and papers relative to the business of the corporation."

Lobrano, secretary-treasurer of the corporation, appeared in proper person and moved to quash and suppress the subpoena duces tecum on various grounds, among which were: that it was too sweeping and constituted an unreasonable search and seizure of the property of the corporation; that it constituted the taking of property without due process of law; and that the requirement for the production of all the books and papers of the corporation was arbitrary, capricious, and confiscatory, thereby violating the Fourth and Fourteenth Amendments of the Federal Constitution, and Section 7 of Article 1 of the Constitution of this State. A supplemental motion to quash and suppress was filed by the president of the corporation setting

forth, among other things, that the order for the production of all the books,. papers, and documents of the corporation constitutes an unlawful search and seizure of the property of the corporation, in violation of the aforementioned articles of the Federal and State Constitutions. The motion to quash and suppress was overruled by the trial court and the movers applied to this court for the writs of certiorari and prohibition. The writs were granted and a rule nisi issued, ordering the judge of the lower court, and the respondents, the Attorney General of the State of Louisiana and the District Attorney for the Parish of Orleans, to show cause: "why the writ of subpoena duces tecum, ordering the relators to produce in court all of the books and papers relating to the business of the corporation, should not be modified so as to require the production of only such documents, books or records as shall be particularly described in the writ and in petition for such a writ, and so as to require the production of such documents, books and records only for such time as may be necessary for the examination thereof and for the conducting of this investigation, and so as not to put a stop to the business of the relator, corporation, by depriving it of all or too many of its books and· records at one time."

The matter is now submitted for our determination.

■ The language used in the rule issued by this court shows that the sole question to be inquired into is whether the subpoena duces tecum ordering the production of all the records of the corporation at one and the same time should not be modified, so as not to deprive the corporation of all or too many of its books and records at one time.

Article 140 of the Code of Practice:

"Courts may also, at the request of one of the parties, decree that the other party bring into court, the books, papers, and other documents which are in his possession, and which are material in the cause, provided the party requesting their production declares in writing and on oath, what are the facts he intends to establish by such books, papers or other documents; and on the refusal of the party thus called upon to comply with the order of the court, the facts stated and sworn to shall be considered as having been confessed, unless satisfactory evidence be shown of the impossibility of producing such documents."

Article 141 of the Code of Practice:

"Courts may also, at the request of either of the parties in a suit, order a third person, having in his possession papers, titles, acts, or documents, which may be important in the decision of a cause, to bring them into court on the day fixed for the trial."

Article 473 of the Code of Practice:

"If one of the parties wish to obtain books, papers, or other documents in the possession of the adverse party, the court shall order, on motion of the party applying for the same, that such books, papers, or documents be brought into court and produced on the day fixed for the trial of the cause. The order must describe such books, papers, or documents."

In the case of State ex rel. Franklin & A. R. Co. et al. v. Allen, 104 La. 301, 29 So. 114, 116, in discussing Article 473 of the Code of Practice, the court stated:

"It is true the law says the order must describe such books, papers, or documents as are wanted (Code Prac. art. 473); and had the plaintiff and intervener, or their manager, made timely objection to the order on this ground, and the court a qua had notwithstanding persisted in maintaining the order in sweeping terms requiring the production of all of the books, without any attempt at description, seasonable application here for the intervention of this court to correct the proceeding would have met with ready response."

In the case of Standard Oil Co. v. Louisiana Public Service Commission, 154 La. 557, 97 So. 859, 863, in discussing the limits provided by the Code of Practice (Arts. 140, 141 and 473) governing district courts, as interpreted by this court, in the matter of producing books, papers, etc., the court stated:

"In other words, when timely and proper objection is made, it 'must describe such books, papers and documents as are needed,' and cannot by a blanket order direct the production of 'all the books without an attempt at description.' It cannot go upon a 'fishing expedition' out of mere curiosity, but must have a pertinent and serious issue before it, as to which such records are relevant and necessary for determination."

It was also stated in effect therein that a general and sweeping order commanding the production of all the books of a corporation is amenable to objection and would have to be corrected to come within the law, or else the courts would be justified in intervening to protect the corporation against that unreasonable search and seizure prohibited by the reasonable intendment of the Constitution.

In the case of Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 379, 50 L.Ed. 652, in discussing a subpoena duces tecum of a broad and general nature, the court had this to say:

"We are also of opinion that an order for the production of books and papers may constitute an unreasonable search and seizure within the 4th Amendment. While a search ordinarily implies a quest by an officer of the law, and a seizure contemplates a forcible dispossession of the owner, still, as was held in the Boyd Case, the substance of the offense is the compulsory production of private papers, whether under a search warrant or a subpoena duces tecum, against which the person, be he individual or corporation, is entitled to protection. Applying the test of reasonableness to the present case, we think the subpoena duces tecum is far too sweeping in its terms to be regarded as reasonable. It does not require the production of a single contract, or of contracts with a particular corporation, or a limited number of documents, but all understandings, contracts, or correspondence between the MacAndrews & Forbes Company, and no less than six different companies, as well as all reports made and accounts rendered by such companies from the date of the organization of the MacAndrews & Forbes

Company, as well as all letters received by that company since its organization from more than a dozen different companies, situated in seven different states in the Union.

"If the writ had required the production of all the books, papers, and documents found in the office of the MacAndrews & Forbes Company, it would scarcely be more universal in its operation or more completely put a stop to the business of that company. Indeed, it is difficult to say how its business could be carried on after it had been denuded of this mass of material, which is not shown to be necessary in the prosecution of this case, and is clearly in violation of the general principle of law with regard to the particularity required in the description of documents necessary to a search warrant or subpœna."

The subpoena duces tecum issued herein is too sweeping and comprehensive and should be modified so as to confine it within reasonable bounds with a just consideration for the rights and convenience of all parties involved. Our holding is not to the effect that the respondents are not entitled to the production of all of the books and records of the corporation during its investigation, but that the production of the books must be required in a reasonable manner so as not to deprive the corporation of all or too many of its records at one time. In conducting the investigation subpœnas duces tecum may be issued from time to time ordering the production of a reasonable amount of the books and records of the corporation only for such time as may be necessary. By proceeding in this manner

the respondents would not be deprived of the books and records in the investigation and it would not work an unreasonable hardship on the corporation by depriving it of all or too many of its records at one time.

The respondents take the position that the relator corporation is not properly before the court for the following reasons: First, that the application for the writs does not conform to the requirements of a petition for an intervention; and second, the intervention must be filed in the district court. Respondents rely on Keiffe v. La Salle Realty Co., 163 La. 824, 112 So. 799, 53 A.L.R. 82, for support. In the case cited the application for a writ of prohibition was presented to this court by a party who was wholly disinterested and a perfect stranger to the litigation which gave rise to it. In the instant case the respondents sought the production of the books and records of the corporation in the possession of its secretary and treasurer. In the respondents' petition seeking the subpœna duces tecum we find that they asked for the production of the books and records of the corporation in the possession of Lobrano, secretary-treasurer of the corporation. The trial court handed down written reasons when the motion to quash and suppress was denied. In the written reasons the relator corporation was referred to as a respondent and its rights were considered and passed on by the court. Undoubtedly all the parties and the trial court itself considered the corporation properly before the court. The record of the trial court shows nothing to the contrary.

The respondents contend that the writs were improperly and prematurely filed for the reason that the relators did not exhaust their remedies in the district court. Respondents are under the impression that the corporation should first have asked the lower court to modify or amend the subpœna duces tecum. The answer to this contention is: When the corporation asked the trial court to quash or suppress the subpœna duces tecum the lower court was authorized to grant any lesser relief such as modifying or amending the subpœna.

The respondents contend that the decree of the trial court is an interlocutory one from which there is no appeal, and suggest that the relators would have an opportunity to urge whatever defense they may have on a rule for contempt.

Supervisory jurisdiction may be invoked where the remedy by appeal would be ineffectual and inadequate. Iberia, St. M. & E. R. Co. v. Morgan's L. & T. R. & S. S. Co., 129 La. 492, 56 So. 417; Abita Springs v. Pons, 145 La. 990, 83 So. 216; Allen v. Allen, 165 La. 437, 115 So. 648.

The subpoena duces tecum should be modified so as to require the production of a reasonable amount of the books and records of the corporation, and the books and records required produced should be particularly described in the writ of subpœna duces tecum.

For the reasons assigned, this cause is remanded to the lower court in order that the subpœna duces tecum may be modified, consistent with the views herein expressed.

O'NIELL, Chief Justice (concurring).

I concur in the opinion that the judge of the criminal district court should modify his order to produce the books and records of the corporation, so as to make the order a reasonable one; but, inasmuch as this investigation is in the nature of a criminal proceeding, being conducted under the provisions of article 156 of the Code of Criminal Procedure, I do not consider the articles of the Code of Practice, relating to writs of subpœna duces tecum, as being applicable to this case.