258 So.2d 388 (1972)
Ronald J. BIANCHI and Richard C. Larison
v.
PATTISON PONTIAC CO., Inc.
No. 5102.
Court of Appeal of Louisiana, Fourth Circuit.
February 23, 1972.
*389 Lebrun, Karno, Lockhart & Brainis, Metairie, and Henican, James & Cleveland, C. Ellis Henican, Jr., New Orleans, for respondents.
Monroe & Lemann, Benjamin R. Slater, Jr., William J. Hamlin, New Orleans, for relator.
Before CHASEZ, GULOTTA and STOULIG, JJ.
STOULIG, Judge.
On application of Pattison Pontiac Co., Inc., defendant-relator, we granted, alternatively, a writ of certiorari to ascertain the validity of a judgment directing the applicant to make available for inspection and copying by plaintiffs-respondents its "federal and state income tax returns for the defendant for the years 1970 to date."
A subpoena duces tecum was issued at the request of the plaintiffs in connection with the taking of the deposition of the officers of the defendant corporation for use in their suit to recover a contractual percentage of profits allegedly due for securing the Mazda dealership for Pattison Pontiac Co., Inc. Though the subpoena was extremely broad in scope and contained some five specific requests for various documents and bookkeeping records, only Items No. 2 (Corporate Ownership) and No. 5 (Income Tax Returns) were the subject of the motion to vacate or modify and later formed the basis for this application for writs. In our initial consideration of the application we denied writs from the trial court's ruling on Item No. 2, but granted alternative writs in connection with the income tax return. Ordinarily, this court will not review interlocutory decrees of a trial court. However, in granting this writ we are exercising our supervisory jurisdiction in accordance with the jurisprudence expressed by the Supreme Court in the case of In re Louisiana Coastal Lands, 197 La. 701, 2 So.2d 184 (1941).
Plaintiffs maintain that income tax returns are proper subjects of discovery and are generally considered more trustworthy records because they are made subject to a penalty for perjury. It is further contended that they are customarily free of the influence of anticipated litigation. We also note that plaintiffs' purpose for seeking the tax return is not to secure additional information, but solely to verify the accuracy of the bookkeeping records furnished by defendant under the subpoena duces tecum.
In opposing the production of these documents, the defendant argues that the identical information sought from the income tax returns is being furnished in the records it is required to produce under other sections of the subpoena. It strenuously urges that the income tax returns contain certain information, totally unrelated to the Mazda facet of its operations, which, if disclosed, would seriously and adversely affect its competitive position in the sale of Pontiac automobiles, its predominant business activity.
Admittedly, there is no statutory privilege accorded to information contained *390 in income tax returns and their production may be ordered for purposes for discovery upon good cause shown. LSA-C.C.P. art. 1492. However, because of the confidential nature and personal character of its contents, the court should be very cautious in permitting its inspection and copying. Such action should be authorized only after the court is convinced both of its relevancy and necessity for the prosecution of the plaintiffs' suit.
While we agree that liberality of pretrial discovery should be encouraged, it must not be fostered without regard to the right of the party against whom it is invoked to be protected from harassment and financial loss. Accordingly, the plaintiffs' rights, under discovery process, to obtain income tax data of defendant's Mazda operation must be counterbalanced against the company's corresponding right to be protected from financial loss or other damage which may be occasioned by the disclosure of other tax information not pertinent to the adjudication of the matter in dispute. Whenever it is urged that the unrestricted use of the discovery process may result in undue hardship, loss or damage monetary or otherwisethe trial judge should resolve all reasonable doubts in favor of the party against whom it is invoked and liberally apply the protective devices authorized by LSA-C.C.P. art. 1452. And, if in his opinion these safeguards are inadequate, he has the discretion to improvise by prescribing such reasonable restrictions as would accomplish the intent of the article.
Lastly, this court cannot overemphasize the fact that the party seeking the income tax return must clearly establish good cause for its production by showing the unavailability of the information from other sources and, further, by relating its need to the issues in dispute. We must be ever mindful that under certain circumstances the fear of disclosure of the contents of his tax return could compel a taxpayer to accept an unfavorable compromise to avoid its unrestricted production and inspection.
For these reasons, we remand the case to the trial court for the purpose of ascertaining if the production of the federal and state income tax returns of Pattison Pontiac Co., Inc., for the years 1970 to date are necessary and essential for the prosecution of plaintiffs' suit in view of the bookkeeping records and other documents required to be furnished under other sections of the subpoena duces tecum. Should good cause for their production be shown, the trial court is then directed to impose such safeguards as will protect the defendant against the disclosure of any income tax information except that applicable to the Mazda phase of its operation.
Accordingly, the judgment of the trial court requiring the defendant to produce his income tax returns is annulled and set aside and this matter is remanded to the trial court for further proceedings consistent with the views herein expressed. Assessment of costs is to await the final determination of this matter.
Annulled and remanded.